CHRISTOPHER KAHMANN
22531 CHAPARRO DRIVE
SANTA CLARITA, CA, 91350
661-476-7315

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED

2026 FEB 19  PM 1:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

fee paid

CHRISTOPHER KAHMANN,

Plaintiff,

v.

MATTHEW P. HERNANDEZ, in his individual capacity;

FOREST SILBERSTEIN, in his individual capacity,

Defendants.

Case No.: CV26-1791-MWC (SK)

COMPLAINT FOR DAMAGES

(Bivens – Fourth Amendment Violations)

JURY TRIAL DEMANDED

## I. JURISDICTION AND NATURE OF ACTION

1. This action arises under the Fourth Amendment to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within this District.

4. Plaintiff does not seek to invalidate his conviction. Plaintiff challenges the constitutionality of the manner in which Defendants executed and expanded the scope of a digital search and the material omissions made in obtaining subsequent search authority.

## II. PARTIES

5. Plaintiff Christopher Kahmann is a resident of Santa Clarita, California.

6. Defendant Matthew P. Hernandez was at all relevant times a Special Agent with Homeland Security Investigations ("HSI"), acting under color of federal authority.

7. Defendant Forest Silberstein was at all relevant times an HSI Special Agent assigned as Computer Forensic Agent in this case.

8. Defendants are sued in their individual capacities.

III. FACTUAL ALLEGATIONS

A. January 15, 2020 Firearm-Only Warrant

9. On January 15, 2020, Magistrate Judge Alexander F. MacKinnon issued Search Warrant No. 2:20-MJ-00189 authorizing seizure of evidence relating solely to firearm-related offenses.

10. The warrant did not reference child pornography, child sexual abuse material ("CSAM"), or violations of 18 U.S.C. § 2252A.

11. The warrant required that the search team use search protocols specifically chosen to identify only the specific items to be seized under this warrant.

12. The warrant further required that if agents encountered contraband outside the scope, they must discontinue the search and document how it was encountered.

13. Plaintiff cooperated during execution of the warrant on January 17, 2020 and voluntarily showed Defendant Hernandez the location of the firearm-related purchase on his device.

B. Deployment of CSAM-Specific Hash Analysis

14. Griffeye Analyze DI Pro is a forensic platform designed to identify and classify known CSAM using hash comparison databases, including the Griffeye Image Database ("GID").

15. Griffeye is not a tool designed to locate firearm suppressor evidence.

16. Government-produced forensic records confirm that Griffeye processing was conducted on Plaintiff's devices and that the software attempted to match files against the GID hash database.

17. Forensic extraction of Plaintiff's devices began on February 6, 2020.

18. Review activity was documented by February 28, 2020.

19. Griffeye results were available prior to issuance of a CSAM-related warrant.

19A. Discovery materials produced during the criminal proceedings reflect that CSAM-specific hash comparison analysis was initiated prior to the March 18, 2020 warrant. Although complete forensic logs were not produced, the materials that were produced

demonstrate that CSAM-targeted workflow was underway before judicial authorization for a CSAM search was obtained.

19B. Forensic materials reflect that Item 002 (Plaintiff's iPhone XS) contained approximately 181,958 images and 6,250 videos. Within that dataset, agents ultimately identified approximately 20 images alleged to constitute CSAM. Identification of those images involved automated hash comparison analysis rather than manual review of each file.

C. March 18, 2020 Rollback Warrant

20. On March 18, 2020, Magistrate Judge Gail J. Standish issued a warrant authorizing seizure of evidence relating to child pornography offenses.

21. In the supporting affidavit, Defendant Hernandez stated that during examination he began reviewing images for firearm-related content and noticed suspected child pornography.

22. The affidavit presented discovery of CSAM as incidental during review for firearm-related evidence.

23. The affidavit did not disclose that CSAM-specific hash comparison software had been deployed prior to the March 18 warrant.

24. The affidavit did not disclose that automated CSAM-detection workflow had already been initiated.

D. Materiality

25. Deployment of CSAM-specific hash detection software constitutes a deliberate search method directed at identifying CSAM.

26. The prior use of CSAM-targeted forensic tools was material to the magistrate's probable cause determination in issuing the March 18 warrant.

27. Had the magistrate been informed that CSAM-specific hash database scanning had already occurred, the magistrate would have been required to evaluate whether that search exceeded the scope of the January 15 warrant.

28. The omission of this information was at minimum reckless.

IV. CLAIMS FOR RELIEF

COUNT I – Fourth Amendment – Unreasonable Search (Bivens)

29. Plaintiff incorporates all preceding paragraphs.

30. The January 15 warrant authorized search for firearm-related evidence only.

31. Deployment of CSAM-specific hash comparison software exceeded the scope of that warrant.

32. At the time Griffeye analysis was initiated, no judicial authorization existed for a CSAM search.

33. Defendants violated Plaintiff's clearly established Fourth Amendment rights.

COUNT II – Fourth Amendment – Judicial Deception (Franks Omission)

34. Plaintiff incorporates all preceding paragraphs.

35. Defendant Hernandez submitted an affidavit in support of the March 18 warrant omitting material facts regarding prior CSAM-targeted forensic analysis.

36. The omission was material to the magistrate's probable cause determination.

37. Defendant Silberstein participated in the CSAM-targeted forensic processing.

38. Defendants acted knowingly or with reckless disregard for the truth.

39. Plaintiff suffered injury as a result.

V. TOLLING

40. Plaintiff was sentenced on September 22, 2022 and remained in federal custody until December 23, 2025.

41. During that time, Plaintiff sought clarification regarding the timing and method of forensic analysis, including submitting complaints and requests for investigation to the Department of Homeland Security Office of Inspector General and to members of Congress.

42. Discovery materials produced during the criminal proceedings were incomplete and did not fully disclose the chronology of CSAM-specific hash analysis.

43. Under these circumstances, equitable tolling applies.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages;

B. Punitive damages;

C. Declaratory relief;

D. Costs of suit;

E. Trial by jury;

F. Such other relief as the Court deems just and proper.

Dated: 02/19/2026

Respectfully submitted,

Christopher Kahmann

22531 Chaparro Drive

Santa Clarita, CA 91350

Telephone: 661-476-7315

Email: ckahmann1@gmail.com

Plaintiff, Pro Se